IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

VIANIX LLC,                        :
                                   :
              Plaintiff,           :
                                   :
       v.                          :    C.A. No. 09-348-JJF
                                   :
NUANCE COMMUNICATIONS, INC.,       :
                                   :
              Defendant.           :

---

Peter C. Schechter, Esquire of EDWARDS ANGELL PALMER & DODGE LLP,
New York, New York.
Denise Seastone Kraft, Esquire of EDWARDS ANGELL PALMER & DODGE
LLP, Wilmington, Delaware.

Attorneys for Plaintiff.

Faith Gay, Esquire; Jeffrey A. Conciatori, Esquire; Robert C.
Juman, Esquire; and Benjamin W. Thorn, Esquire of QUINN EMANUEL
URQUHART OLIVER & HODGES, LLP, New York, New York.
Daniel A. Dreisbach, Esquire; Jeffrey L. Moyer, Esquire; and Anne
Shea Gaza, Esquire of RICHARDS, LAYTON & FINGER, P.A.,
Wilmington, Delaware.

Attorneys for Defendants.

---

**MEMORANDUM OPINION**

July 20, 2010
Wilmington, Delaware

Farnan, District Judge.

Pending before the Court is Defendant Nuance Communications, Inc.'s Motion To Dismiss (D.I. 5.) For the reasons to be discussed, this Motion will be denied.

## I. Background

Plaintiff Vianix LLC ("Plaintiff") initiated this copyright infringement action against Defendant Nuance Communications, Inc. ("Defendant") on May 13, 2009. (D.I. 1.) The parties' dispute stems from a Technology License Agreement (the "Agreement") entered into by Dictaphone Corporation[1] and Vianix Delaware LLC,[2] effective January 23, 2009, which concerned the licensing of Plaintiff's Managed Audio Sound Compression Technology[3] ("MASC Technology"). (Id. ¶¶ 18-19.) Plaintiff is the owner of U.S. Copyright Registrations for four computer programs (collectively, the "Subject Works") alleged to embody MASC Technology. (Id. ¶ 16.) Generally speaking, the Agreement gave Defendant a license to use MASC Technology in connection with Defendant's products, and to use MASC Technology for certain internal purposes. (D.I.

---

[1]Dictaphone Corporation was acquired by Defendant on or about March 31, 2006, and is now a wholly-owned subsidiary of Defendant. (D.I. 1 ¶ 5; D.I. 8, at 1.)

[2] Vianix Delaware LLC ("Vianix Delaware") is a wholly-owned subsidiary of Plaintiff. (D.I. 1 ¶ 2.)

[3]MASC Technology is "audio compression software" which "allows direct recording of a voice into a compressed file format that minimizes the costs of file storage and transmission prior to compression." (Id. ¶¶ 9, 12.)

8, at 5.)

For reasons which need not be addressed in the context of this Motion, Plaintiff came to believe that Defendant was in breach of the Agreement. Accordingly, Vianix Delaware filed a breach of contract action against Defendant in the Delaware Court of Chancery on June 2, 2008.  (D.I. 1 ¶¶ 34-45, 49.)  By letter dated September 22, 2008, pursuant to the "for cause" provision of the Agreement, Vianix Delaware terminated the Agreement effective December 21, 2008.  (Id. ¶ 50; D.I. 8, at 6.)  On January 27, 2009, Vianix Delaware brought suit against Defendant in this District alleging copyright infringement.[4]  The Honorable Noel L. Hillman dismissed the suit on May 12, 2009, finding that the Court lacked subject matter jurisdiction because Vianix Delaware had no standing to sue for copyright infringement. (D.I. 7, Thorn Decl., Ex. M.)  Specifically, Vianix Delaware was not the owner of the copyrights alleged to be violated, nor did it have a beneficial interest in the copyrights, and therefore, the Court concluded Vianix Delaware did not suffer an invasion of a legally protected interest.  (Id.)  Plaintiff initiated the present copyright infringement action against Defendant the next day, May 13, 2009.

---

[4] Vianix Delaware LLC v. Nuance Communications, Inc., C.A. No. 09-67-NLH-JS.

By its Complaint in the present action, Plaintiff alleges that, post-termination of the Agreement, Defendant has infringed and continues to infringe Plaintiff's copyright interests relating to the Subject Works by "archiving, retrieving, loading, running, operating, displaying, maintaining, debugging and performing other computer operations involving computer programs including Vianix's MASC Technology" without approval or authorization.  (D.I. 1 ¶ 67.)

## II.  Parties' Contentions

As the first basis for its Motion To Dismiss, Defendant contends that Plaintiff has failed to state a claim upon which relief can be granted because Plaintiff has not identified the specific original works forming the basis of its copyright infringement claim, and because Plaintiff has not identified specific acts committed by Defendant which are actionable as infringement.  (D.I. 8, at 10.)  Defendant contends that a copyright infringement complaint must identify which specific original works are the subject of the infringement claim, and that Plaintiff has failed to identify which of the four Subject Works are allegedly infringed.  (Id. at 11-12.)  Further, Defendant contends that a copyright infringement complaint must allege the specific acts by which the copyright is infringed, and that none of the specifically-alleged acts in Plaintiff's Complaint qualify as infringement as a matter of law.  (Id. at

3

13-19.)

As the second basis for its Motion To Dismiss, Defendant contends that the Agreement is unambiguous and should be interpreted as a matter of law. (Id. at 19.) Defendant contends that under the Agreement, termination does not affect the rights of Defendant's customers to use MASC Technology. (Id. at 20.) In addition, Defendant argues that under the Agreement, Defendant is entitled to retain back-up copies of its Legacy Programs. (Id. at 20-23.)

Plaintiff responds that a complaint sufficiently states a claim for copyright infringement if it alleges that a defendant infringed "one or more" of the plaintiff's copyrights, and that a complaint need not plead exactly which individual elements of the copyrighted works were infringed. (D.I. 10, at 4.) According to Plaintiff, Defendant has adequate notice that the MASC Technology copyrighted works form the basis of the claim, and that where there are only four copyrighted works, as here, there is little risk of confusion or prejudice to Defendant. (Id. at 5.) In addition, Plaintiff contends that a complaint for copyright infringement need not specify each individual act a defendant allegedly performed, and that there is no requirement that it provide a detailed account of all of Defendant's objectionable conduct. (Id. at 8-10.) Plaintiff argues that it has sufficiently alleged the acts constituting its copyright

infringement claim, and notes that it alleged which specific copies of products containing MASC Technology Defendant produced after termination of the Agreement. (Id.)

With regard to Defendant's substantive arguments concerning the Agreement, Plaintiff contends that it has a different interpretation than Defendant on post-termination rights under the Agreement. (Id. at 12-13.) Because the Agreement is ambiguous, according to Plaintiff, any contractual ambiguities must be resolved in its favor at the pleading stage. (Id. at 11-12.)

### III. Legal Standard

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may move for dismissal based on a plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When reviewing a motion to dismiss under Rule 12(b)(6), the Court must accept all factual allegations in a complaint as true and view them in the light most favorable to the plaintiff. See Christopher v. Harbury, 536 U.S. 403, 406 (2002). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Assuming the factual allegations are true, even if doubtful in fact, the "factual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544,

555 (2007). While the complaint need not make detailed factual allegations, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than mere labels and conclusions, and a formulaic recitation of the elements of a cause of action." Id. (internal quotations and citations omitted). Thus, stating a claim upon which relief can be granted "'requires a complaint with enough factual matter (taken as true) to suggest' the required element" of a cause of action. Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008)(citing Twombly, 550 U.S. at 556.) In sum, if a complaint "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009), then the complaint is "plausible on its face," and will survive a motion to dismiss under Rule 12(b)(6). Twombly, 550 U.S. at 570.

## IV. Discussion

### A. Whether Plaintiff Sufficiently Alleged Copyrighted Works And Conduct That Constitutes Infringement

A successful copyright infringement claim requires proof of (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original. Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361 (1991). With regard to the second element, "[c]opying is a 'shorthand reference to the act of infringing any of the copyright owner's five exclusive rights set forth at 17 U.S.C. § 106.'" Ford Motor

Co. v. Summit Motor Prods., Inc., 930 F.2d 277, 291 (3d Cir. 1991)(citing Paramount Pictures v. Video Broad. Sys., 724 F. Supp. 808, 819 (D. Kan. 1989)). In order to be sufficiently pled under Rule 8, a claim for copyright infringement must state (1) "which specific original work is the subject of the copyright claims," (2) "that plaintiff owns the copyright," (3) "that the work in question has been registered in compliance with the statute," and (4) "by what acts and during what time defendant has infringed the copyright." Gee v. CBS, 471 F. Supp. 600, 643 (E.D. Pa. 1979), aff'd, 612 F.3d 572 (3d Cir. 1979)(pre- Twombly decision); see also Home & Nature Inc. v. Sherman Specialty Co., Inc., 322 F. Supp. 2d 260, 266 (E.D.N.Y. 2004)(reciting same pleading standard in pre- Twombly decision); Plunket v. Doyle, No. 99 Civ. 11006, 2001 WL 175252, at *4 (S.D.N.Y. Feb. 22, 2001)(reciting same pleading standard in pre-Twombly decision).

The Court concludes that Plaintiff's Complaint sufficiently pleads which specific original works are the subject of its copyright claim. The Complaint identifies the Subject Works as four computer programs, in the form of source code, embodying the MASC Technology, with U.S. Copyright Registration Nos. TX 6-879-210, TX 6-879-213, TX 6-879-215, and TX 6-879-216. (D.I. 1 ¶¶ 16, 21.) The Complaint further alleges that pursuant to the Agreement, Plaintiff provided "one or more" of the four Subject Works to Defendant in the form of "object code," a machine-

readable translated form of source code.  (Id. ¶¶ 20-21.)
Additionally, the Complaint identifies seven specific products
and alleges that since 2005, Defendant incorporated the Subject
Works into "at least" those products.  (Id. ¶ 30.)

Defendant cites to the case of Tegg Corp v. Beckstrom Elec.
Co., C.A. No. 08-435, 2008 WL 2682602 (E.D. Pa. July 1, 2008) to
support its contention that Plaintiff must specifically identify
which of the "one or more" Subject Works Defendant is alleged to
infringe.  However, Tegg is inapposite; in that case, a motion to
dismiss a copyright infringement claim was granted because the
complaint was unclear as to which original works were protected
by which of the registered copyrights.  Tegg, 2008 WL 2682602, at
*8.  In particular, the complaint in Tegg identified a broad
software system with smaller components as the original work(s),
but failed to "identify whether a single copyright registration
protects the [] software as a whole, if multiple registrations
protect the individual components in their entirety, . . . or if
the registrations protect the 'confidential and proprietary'
database scheme contained therein."  Id.  In contrast, in the
present action, the Complaint makes clear that four computer
programs, each protected by a copyright registration, are alleged
to be infringed.

In addition, the Court concludes that the Complaint
sufficiently pleads by what acts Plaintiff alleges Defendant has

8

infringed.  Plaintiff alleges that on January 16, 2009, Defendant
informed Vianix Delaware that Defendant made "archived copies of
its own products, including versions that contain Vianix" (D.I. 1
¶ 59), but that the Agreement did not grant any post-termination
rights to make and store such archived copies (Id. ¶ 63).
Accordingly, Plaintiff alleges that Defendant's act of "making
and storing [] 'archived copies of its own products, including
versions that contain Vianix' including the Subject Works,"
constitutes infringement. (Id. ¶ 61)  In the January 16, 2009
email, which serves as the factual basis for this allegation,
counsel for Defendant stated "[Defendant] maintains archived
copies of its own products, including versions that contain
Vianix, but those programs are not currently running on any
computer, and are kept in case they are needed in order to
provide customer support to customers with older versions of the
software."[5]  (D.I. 7, Thorn Decl., Ex. G.)  Although Defendant
contends that the email makes clear that Defendant has not made
any *new* archived copies since termination of the Agreement (and
therefore that any claimed infringing act is pure conjecture),
the email is not so explicit.  Accordingly, at this stage, the

---

[5] The Court may consider the actual text of the January 16,
2009 email because it was explicitly relied on in Plaintiff's
Complaint.  See In re Burlington Coat Factory Sec. Litig., 114
F.3d 1410, 1426 (3d Cir. 1997)("a document integral to or
explicitly relied upon in the complaint may be considered without
converting the motion to dismiss into one for summary
judgment")(internal quotation marks omitted).

Court must accept as true Plaintiff's factual allegation that Defendant is making and storing archived copies of its products which include the Subject Works. In turn, the Court concludes that Plaintiff's factual allegations rise above the speculative level, and support an inference that Defendant is liable for the misconduct alleged. See 17 U.S.C. § 106(1)(stating that it is an infringing act to "reproduce the copyrighted work in copies or phonorecords").

Because Plaintiff has sufficiently identified which specific original works are the subject of the claim, as well as a specific act by which Defendant has allegedly infringed the copyright(s), the Court concludes that Plaintiff's Complaint is plausible on its face and states a claim for copyright infringement.

B.    Whether, Under The Agreement, Defendant Has A Valid License To Perform The Alleged Infringing Acts

Section 11.2(c) of the Agreement provides that "[t]ermination shall not affect the rights of DICTAPHONE Clients and DICTAPHONE Distributors to continue to use the MASC Technology acquired from DICTAPHONE in accordance with the terms of this Agreement." (D.I. 7, Thorn Decl., Ex. B, Agreement § 11.2(c)). Section 4.2(c) provides that Defendant has the obligation to "provide technical support appropriate for the DICTAPHONE Products to End Users and Sublicensees." (Id. § 4.2(c)). Defendant contends that these provisions demonstrate

10

that Defendant had to retain historical copies of its software products in order to fulfill its obligations under the Agreement, and thus, Plaintiff's "infringement claim based on [Defendant]'s post-termination storage of pre-existing archival copies containing the MASC Technology is without legal support."[6] (D.I. 8, at 23.) However, as discussed above, the Court accepts as true Plaintiff's factual allegation that Defendant is making and storing archived copies of its products, which include the Subject Works, after termination of the Agreement. By its Motion, Defendant does not argue that the Agreement allows for the making and storing of archived copies of its products after termination of the Agreement. At this stage, therefore, the Court cannot conclude as a matter of law that the Agreement allowed for Defendant to perform the infringing act alleged in the Complaint.

## V. Conclusion

For the reasons discussed, Defendant's Motion To Dismiss will be denied.

An appropriate Order will be entered.

---

[6] The Court may consider the text of the Agreement without converting the present Motion To Dismiss into a motion for summary judgment because the Agreement is explicitly relied on in Plaintiff's Complaint. See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

11